IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAMELA STARKS ROWE                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:15-CV-193-SAA

COMMISSIONER OF SOCIAL
SECURITY                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Pamela Starks Rowe has applied for judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying her Title XVI application for supplemental security income (SSI) under the Social Security Act. Docket 1. Plaintiff protectively filed applications for benefits on February 1, 2009 alleging disability beginning on November 9, 2007. Docket 7, p. 312. The agency administratively denied the plaintiff's claim initially.[1] Docket 7, pp. 174. Plaintiff then requested an administrative hearing, which administrative law judge (ALJ) William Wallis held on June 20, 2011. Docket 7, pp. 28-63. The ALJ issued an unfavorable decision on July 13, 2011. Docket 7, pp. 142-160. On November 30, 2012 the Appeals Council remanded plaintiff's case, instructing the ALJ to (1) obtain evidence from a psychiatric medical expert to clarify the nature and severity of the claimant's mental impairments; (2) further evaluate plaintiff's mental impairments in accordance with 20 C.F.R. 416.920(a); (3) give further consideration to the claimant's maximum residual

---

[1] At the reconsideration level, plaintiff's request was "stopped due to common issue." Docket 7, p. 182. The record is unclear whether plaintiff's reconsideration request was actually denied by the Appeals Council. In any event, plaintiff was ultimately represented by counsel, and the ALJ granted plaintiff's request for a hearing.

1

functional capacity and provide rationale with specific references to evidence of record in support of assessed limitations; and (4) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.  Docket 7, pp. 161-164.

Plaintiff appeared and testified at a second hearing before ALJ Mary Gattuso on August 13, 2013.  Docket 7, pp. 64-93.  The ALJ held the record open after the hearing because plaintiff's attorney noted that there were medical records since the Appeals Council remand that had not been requested.  Docket 7, p. 92.  After the agency obtained the new medical records and entered them into the record, plaintiff sought a supplemental hearing in front of the ALJ.  Docket 7, p. 455.  ALJ Paul Reams held plaintiff's third hearing on January 21, 2014.  Docket 7, pp. 95-111.  During the hearing, the plaintiff testified to recent heart-related treatment that was not in the record.  Docket 7, p. 105.  Consequently, the ALJ held the record open after the hearing so that the heart-related records could be obtained.  Docket 7, p. 110.

The ALJ obtained the additional medical records and post-hearing interrogatory responses from a vocational expert.  Docket 7, pp. 462-463.  Plaintiff then requested yet another supplemental hearing.  Docket 7, p. 475.  Plaintiff appeared and testified before ALJ Reams at her fourth administrative hearing on May 21, 2014.  Docket 7, pp. 112-137.  The ALJ issued an unfavorable decision on June 20, 2014.  Docket 7, pp. 8-27.  The Appeals Council denied plaintiff's request for a review on September 30, 2015.  Docket 7, pp. 2-4.  Plaintiff filed this appeal from the June 20, 2014 decision, and it is now ripe for review.

Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this

opinion and the accompanying final judgment.

## I. **FACTS**

Plaintiff was born January 3, 1977 and was 37 years old at the time of the last ALJ hearing. Docket 7, p. 18. She is considered a younger individual for the purpose of determining disability benefits. She has a ninth-grade education and no past relevant work. Docket 7, p. 36, 18. Plaintiff contends that she became disabled before her application for disability as a result of "mental problems" and bipolar disorder. Docket 7, p. 385. After remand and the three supplemental hearings, which included the new medical records concerning plaintiff's implanted heart loop monitor, the ALJ determined that plaintiff suffered from "severe" impairments of "depression, anxiety and cardiovascular disease" [Docket 7, p. 13], but that her impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). *Id*. at 15.

> The ALJ determined that plaintiff retained the Residual Function Capacity [RFC] to
>
> perform at the light exertional level, with additional limitations. She is limited to routine, repetitive tasks in a low stress environment (only requiring occasional decision making). She can have no interaction with the public and only occasional interaction with coworkers.

Docket 7, p. 16. At steps four and five the ALJ rejected plaintiff's claims of disability, concluding that even though the plaintiff has severe impairments and has no past relevant work, there nevertheless are jobs which exist in significant numbers in the national economy which plaintiff can perform. Docket 7, pp. 18-19. Consequently, he found plaintiff was not disabled.

Plaintiff argues the ALJ erred in several ways when deciding that plaintiff was not disabled under the Social Security Act: (i) in missing medical evidence in the file; (ii) in the establishment of his RFC and by "playing doctor"; (iii) by violating the Treating Physician's

3

Rule; (iv) in finding plaintiff's obesity not to be an impairment; and (v) by violating SSR 06-3P. Docket 11. Although plaintiff raises these five issues as grounds for appeal, the court is of the opinion that the ALJ failed to follow the required criteria in *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The court will remand this case for further evaluation consistent with this opinion.

## II. **EVALUATION PROCESS**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden to prove disability rests upon plaintiff through the first four steps of the process, and if plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[3] First, the plaintiff must prove she is not currently engaged in substantial gainful activity.[4] 20 C.F.R. § 404.1520(b); 416.920(b). Second, the plaintiff must prove her impairment(s) are "severe" in that they "significantly limit [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude that the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If the plaintiff does not meet this burden, at step four she must prove

---

[2] 20 C.F.R. § 404.1520; 416.920 (2010).

[3] *See Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. § 404.1520(b); 416.920(b) (2010).

[5] 20 C.F.R. § 404.1520(c); 416.920(c).

[6] 20 C.F.R.§ 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

4

she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove that, considering plaintiff's residual functional capacity, age, education and past work experience, she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is then given the chance to prove that she cannot, in fact, perform that work.[9]

### III.  STANDARD OF REVIEW

The court's scope of review is limited.  On appeal the court must consider whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.  *Crowley*, 197 F.3d at 196, citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  In making that determination, the court has the responsibility to scrutinize the entire record.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds the evidence leans against the Commissioner's decision.[11]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Crowley*, 197 F.3d at 197 (citation omitted).  Conflicts in the evidence

---

[7] 20 C.F.R. § 416.920(e) (2010).

[8] 20 C.F.R. § 416.920(g) (2010).

[9] *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11] *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1998).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crowley*, 197 F.3d at 197. "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson*, 402 U.S. at 390.

## IV. DISCUSSION

Plaintiff contends, among other arguments, that the ALJ erred by not performing a *Newton* analysis on the opinion of plaintiff's treating physician, Dr. Tejinder Saini. Docket 11, p. 13-18. The Commissioner responds that the ALJ assessed significant mental limitations in his RFC but appropriately did not incorporate all of the mental limitations Dr. Saini assessed because some were inconsistent with Dr. Saini's own treatment records. Docket 12, p. 23. In formulating his RFC, the ALJ considered the plaintiff's hearing testimony, non-medical statements of plaintiff's neighbor and husband, and the records and opinions of three doctors: Dr. Sylvester McDonnieal, Dr. Brian Thomas, and Dr. Tejinder Saini.

### i. Dr. Sylvester McDonnieal

In August of 2008, Dr. McDonnieal reviewed plaintiff's medical records without examination, and diagnosed her with depression and anxiety. Docket 7, p. 605. Dr. McDonnieal deemed plaintiff's depression and anxiety to be "non-severe" with only mild limitations of activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace. Docket 7, p. 612.

6

The ALJ considered Dr. McDonnieals evaluation but found his conclusion inconsistent with the medical records as a whole. Docket 7, p. 18. The ALJ found that plaintiff's medical records show that she experiences more than minimal limitations from her mental impairments of depression and panic attacks with agoraphobia. *Id*. Accordingly, he afforded Dr. McDonnieal's opinion little weight. *Id*.

### ii. Dr. Brian Thomas

On May 6, 2011, Dr. Thomas performed a consultative examination, and found plaintiff's ability to relate to coworkers, deal with the public, deal with work stresses, and maintain attention/concentration to be poor. Docket 7, 646. Dr. Thomas also found plaintiff's ability to behave in an emotionally stable manner, and ability to demonstrate reliability to be poor. *Id*. at 647.

The ALJ considered Dr. Thomas' consultative examination and mental medical assessment and granted the opinion "some weight" because the opinion was "consistent with the claimant's abilities at her lowest point. However, with appropriate treatment and medication, her symptoms improved dramatically. Her abilities are considerably greater than described here." Docket 7, p. 18.

### iii. Dr. Tejinder Saini

On October 12, 2011, Dr. Saini provided a medical source statement regarding plaintiff's mental illness. Docket 7, pp. 655-657. Dr. Saini found that plaintiff had either poor or no ability to follow work rules, relate to coworkers, deal with the public, deal with work stresses, or maintain attention/concentration. *Id*. at 655-656. Dr. Saini also found that plaintiff had either poor or no ability to complete complex job instructions, complete detailed, but not complex, job

7

instructions, behave in an emotionally stable manner, relate predictably in social situations, or demonstrate reliability. *Id*. at 656.

The ALJ considered Dr. Saini's MSS, but assigned little weight to his opinion. Docket 7, p. 18. The ALJ believed that the level of limitation given by Dr. Saini was inconsistent with Dr. Saini's own treatment records because plaintiff showed good results with treatment. The ALJ also found that even during her intake, at the most severe point of her mental impairments, plaintiff's level of functioning exceeded that which Dr. Saini represented in his MSS. *Id*.

The law regarding treatment of an opinion from a treating source or treating physician is clear. Absent reliable medical evidence from a *treating or examining* specialist, an ALJ may reject the opinion of a treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(c)(2) (emphasis added). *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Under 20 C.F.R. § 404.1527(c)(2), the ALJ must evaluate a physician's opinion based on: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id*. at 456; *see* 20 C.F.R. § 404.527(c)(2). But the ALJ is only required to perform a detailed analysis of the treating physician's opinion, under these "*Newton* factors," if there is no reliable medical evidence from another *treating or examining* physician that controverts the treating physician's opinion. *See Newton*, 209 F.3d at 445-47 (emphasis added); *Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012).

In this case, the ALJ reviewed Dr. Saini's records and medical source statement from

July 19, 2013 and declared his reasons for not following his opinion. Docket 7, pp. 655-57, 24. However, the ALJ did not follow the criteria laid out in *Newton* or 20 C.F.R. § 404.1527(c). Instead, he considered Dr. Saini's opinion and discussed the records but ultimately made conclusory determinations that the doctor's opinion was not supported by the objective medical evidence or by the doctor's own medical records. Docket 7, p. 18.

The ALJ did not apply the proper legal standards, and his decision is therefore not substantially justified. In the absence of a contravening opinion by a treating or examining specialist[12], and in declining to give the plaintiff's treating physician controlling weight or even significant weight without performing the required analysis under *Newton*, the ALJ committed reversible error which requires remand. *Newton*, 209 F.3d at 456.

## V. PLAINTIFF'S REMAINING ARGUMENTS

Because this case is being remanded for further evaluation consistent with this opinion, the court need not address the merits of the plaintiff's remaining arguments at this time. The court is, however, compelled to caution counsel for plaintiff on two matters. First, though the court appreciates counsel's significant caseload, he is reminded that each statement of fact must be supported by reference to the court docket number, docket exhibit number and docket page number in the federal court record. *See* Docket 9. In this case, plaintiff's brief is replete with statements of fact that are not cited to the record. In the future, statements of fact that are not cited to the record will not be considered by the court.

---

[12] Dr. Saini's opinion was not controverted by the consultative examination of Dr. Brian Thomas. Rather, both examining doctors believed that plaintiff had poor ability to deal with the public, relate to coworkers, deal with work stresses, and maintain attention/concentration. Docket 7, pp. 646, 655-656. Thus, because there is no reliable medical evidence from another *treating* or *examining* physician that controverts Dr. Saini's opinion, a *Newton* analysis was required. *Newton*, 209 F.3d at 445-47.

Second, counsel for plaintiff argues extensively in his brief that the ALJ had a duty under the regulations to contact Dr. Saini before discounting any of the doctor's assessments. Docket 11, pp. 16-18. Although prior versions of the regulations required an ALJ to recontact a medical source "[w]hen the evidence . . . from [the] treating physician or psychologist or other medical source is inadequate for [the Commissioner] to determine whether [the claimant is] disabled," the Commissioner amended the regulation, effective over four years ago on March 26, 2012, removing that requirement. *See* 77 Fed. Reg. 10651-01 for explanation of this change to 20 C.F.R. § 416.912. For four years now, an ALJ has not been required to recontact doctors, and counsel for plaintiff should update his future briefings to reflect this change.

## VI. **CONCLUSION**

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence and did not apply proper legal standards. The decision of the Commissioner is reversed, and the case will be remanded for further evaluation consistent with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this the 1st day of July, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE